UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC HARVEY and
LELA McGEE-HARVEY,

    Plaintiffs,

v.

CITI GROUP MORTGAGE and
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendants.
_____/

Case No. 4:24-cv-10073
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTIONS (ECF Nos. 10, 13, 22, 28)**[1]

I.    Introduction

This is a case challenging mortgage foreclosure proceedings. Plaintiffs Eric Harvey and Lela McGee-Harvey, proceeding *pro se*, filed a complaint naming Citi Group Mortgage (Citi) and Rushmore Loan Management Services, LLC (Rushmore) as defendants.[2] As best as can be gleaned from the complaint and

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiffs also originally named the Trott Law Firm as a defendant but later stipulated to dismiss them. (ECF No. 8).

1

other filings in this case,³ Plaintiffs had a mortgage on real property located in the City of Flint. They allege various defects and fraud in the foreclosure proceedings regarding that property as well as constitutional violations. It also appears that the foreclosure proceedings are still pending in state court. Plaintiffs seek various forms of injunctive relief, including an order stopping the sheriff's sale. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 27).

Before the Court are several motions filed by Plaintiffs,⁴ which are as follows:

| | |
|---|---|
| (ECF No. 10) | Emergency Motion for a Continuance |
| (ECF No. 13) | Amended Motion re: Request for Automatic Immediate Injunction and Stay |
| (ECF No. 22) | Amended Motion for Entry of Default |
| (ECF No. 28) | Motion for Reconsideration re: Clerk's Entry of Default |

For the reasons that follow, the undersigned RECOMMENDS that the motions be

---

³ Plaintiffs' papers are difficult to discern and in places virtually unintelligible.

⁴ Plaintiffs also recently filed a Motion to Amend the Complaint. (ECF No. 31). This motion will be considered after Rushmore and Citi have had an opportunity to file responses.

DENIED.[5]

    II.    Motions Related to Clerk's Entry of Default (ECF Nos. 22, 28)

        A.    Background

On January 10, 2024, Plaintiffs filed their complaint. (ECF No. 1). On January 11, 2024, summonses were issued and provided to Plaintiffs for service on Citi, Rushmore, and Trott Law Firm. (ECF Nos. 3, 4). To date, none of the summonses have been returned as executed.

On April 3, 2024, Rushmore appeared through counsel and filed an answer to the complaint. (ECF Nos. 15, 16).

On April 5, 2024, Plaintiffs filed a request for the Clerk's entry of default against Citi and Rushmore. (ECF No. 18). That same date, the Clerk denied the

---

[5] Plaintiffs seek injunctive relief and entry of default against both Defendants. The undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) regarding the request for injunctive relief because such a request is dispositive. *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

As for the entry of default, courts have held that such motions are nondispositive, *Home Box Off., Inc. v. Tel-A-View Elecs., Corp.*, No. CIV.A. 86-1491, 1986 WL 12768, at *1 (E.D. Pa. Nov. 7, 1986), but at least one magistrate judge has proceeded by Report and Recommendation on a motion for entry of default "because of the issues presented and the fundamental nature of service[.]" *Harris v. Cooley*, No. 1:17-CV-540, 2018 WL 5314741, at *1 (S.D. Ohio Sept. 24, 2018), *report and recommendation adopted*, No. 1:17CV540, 2018 WL 5312620 (S.D. Ohio Oct. 26, 2018). For similar reasons, the undersigned will proceed by Report and Recommendation for plaintiffs' motions here.

request as to Rushmore because "Defendant filed an answer." (ECF No. 19). The Clerk also denied the request as to Citi because "[n]o summons [was] returned executed with [a] certified green card filed on the docket as to the defendant." (ECF No. 21).

On April 8, 2024, Plaintiffs filed an Amended Motion for Entry of Default, arguing that Citi and Rushmore had not timely answered the complaint. (ECF No. 22).

On April 9, 2024, Citi appeared through counsel and filed an answer to the complaint. (ECF Nos. 23, 24).

On April 11, 2024, counsel for Rushmore and Citi filed an "objection" to Plaintiffs' Amended Motion for Entry of Default, arguing that the Clerk correctly denied the defaults and noting that they have answered the complaint. (ECF No. 26).

On April 12, 2024, Plaintiffs filed a Motion for Reconsideration of the Clerk's Entry of Default, again arguing that Citi and Rushmore failed to timely answer and the Clerk should have entered a default. (ECF No. 28).

B.  Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

4

party's default." The Clerk's entry of default is "the first procedural step on the road to obtaining a default judgment." *Shephard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). The second step is to file a motion for default judgment against the nonresponsive party under Rule 55(b).

C. Discussion

In both their Amended Motion for Entry of Default and Motion for Reconsideration, Plaintiffs ask the Clerk to enter a default against Rushmore and Citi. Their requests are improper.

The Clerk properly denied their requests because Rushmore filed an answer and no service documents for Citi were returned as executed. Moreover, Citi has now filed an answer. Under the federal rules, a Clerk's entry of default is not available once a defendant has answered the complaint. *See Taylor v. Countrywide Home Loans*, No. 08-13258, 2008 WL 5273898, at *2 n.3 (E.D. Mich. Dec. 18, 2008) ("Even if the answer were not timely filed, if a defendant answers or otherwise defends before the clerk of the court actually enters a default, no default may enter.").

Plaintiffs' argument that a default is proper because Rushmore and Citi did not timely answer the complaint lacks merit for an additional reason. In order for a default to enter, Plaintiffs must show that service was proper. They have not.

Service of a summons and complaint on corporations such as Rushmore and

5

Citi, as corporations, is governed by Federal Rule of Civil Procedure 4. Rule 4(h) requires that a corporation must be served in one of two ways. The first is "in the manner prescribed by Rule 4(e)(1) for serving an individual," which permits service by either "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of usual age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(a). The other way is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed R. Civ. P. 4(h)(1)(B).

    Under Michigan Court Rule 2.105(D)(2), service of process upon a corporation may be achieved by "*serving* a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and *sending* a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." *Griffin v. Summit Place*

*Kia Motors, Inc.*, No. 14-CV-11873, 2014 WL 3846033, at *2 (E.D. Mich. Aug. 5, 2014) (emphasis in original).  Neither the federal or state rule permit service on a corporation by mail alone.  *Id.*

Here, Plaintiffs say that Rushmore and Citi were served by certified mail on January 18, 2024, as evidenced by certified mail receipts showing that the complaints were mailed on that date.  This evidence is insufficient to demonstrate that Plaintiffs properly served the defendants based on the requirements discussed above.  And Plaintiffs "bear[] the burden of perfecting service of process and showing that proper service was made."  *Harris v. Smith*, No. 21-11557, 2022 WL 2961526, at *2 (E.D. Mich. July 26, 2022) (quoting *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001)).  Plaintiffs have not done so.  Thus, the Clerk properly denied defaults against Rushmore and Citi.  It is therefore recommended that Plaintiffs' motions related to the Clerk's entry of default be denied.

        III.    Motions Related to Injunctive Relief (ECF Nos. 10, 13)

        A.    Background

As noted above, Plaintiffs filed their complaint on January 10, 2024.  (ECF No. 1).  About a month later, on February 10, 2024, Plaintiffs filed an "Emergency Motion for a Continuance so Attorney Can Put in an Appearance and Consolidate Both Federal and District Court Case," seeking a continuance until they can obtain

representation and asking that the Court "vacate the default judgement" regarding the sheriff's sale. On March 21, 2024, Plaintiffs filed an "Amended Motion" to "Request an Automatic Immediate Injunction 30 Day Stay Beginning April 1, 2024 to May 1, 2024," again asking for time to get representation and apparently asking to stop the state court foreclosure proceedings.

### B. Legal Standard

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction *only on notice to the adverse party*." (emphasis added). A preliminary injunction cannot be issued before the defendants are served. *See Trevino v. Horizon Bankcorp, Inc.*, No. 1:15-cv-951, 2015 WL 12591758, at *1 (W.D. Mich. Dec. 17, 2015) ("Because Horizon Bank had not yet been served with the complaint and the motion, this Court could not have granted Trevino's motion for a preliminary injunction prior to the auction.").

In considering a motion for a preliminary injunction, the Court must weigh the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a preliminary injunction, (3) whether granting the preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunction. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). According to the Sixth Circuit, these "are factors to

be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

C.   Discussion

Here, the motions were filed before Rushmore and Citi filed answers. As such, they were not given notice of the request for injunctive relief. Because Plaintiffs did not provide notice to defendants as required under Rule 65, the extraordinary relief of a preliminary injunction is unwarranted. *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and a temporary restraining order] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with."), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020). Despite the fact that defendants have since appeared in the case, Plaintiffs' failure to reasonable notice of the motion is fatal. *See id.*

Moreover, to the extent it appears that Plaintiffs are seeking injunctive relief in the form of stopping foreclosure proceedings in state court, they cannot prevail.

First, the Court lacks jurisdiction to grant Plaintiffs the relief they seek. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (explaining that "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek"). To the extent

9

Plaintiffs seek relief from a state court order, the impending harm of which Plaintiffs complain (presumably removal from the property) results from the state court's entry of the order. None of these actions are attributed to Rushmore or Citi. So enjoining them accomplishes nothing. Rather, providing Plaintiffs the relief they seek would require an order enjoining the Sheriff from executing a state court order. But neither the Sheriff's office nor any individual law enforcement officer likely to execute the order is a party to this action. As the Eleventh Circuit has explained, "[i]f a plaintiff sues the wrong defendant, an order enjoining the correct official who has not been joined as a defendant cannot suddenly make the plaintiff's injury redressable. [A] district court [i]s without jurisdiction to enjoin the lone defendant in this action, much less the nonparty [Sheriff's office]." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1255 (11th Cir. 2020); *cf. Terves LLC v. Yueyang Aerospace New Materials Co.*, No. 1:19-cv-1611, 2022 WL 2834743, at *3 (N.D. Ohio July 20, 2022) ("An injunction ordinarily cannot be imposed on a non-party that has not had the opportunity to contest its liability." (cleaned up)). Accordingly, the Court lacks subject-matter jurisdiction to entertain the equitable relief Plaintiffs' motion demands. *TransUnion*, 594 U.S. at 423.

      Second, Plaintiffs' injunction request implicates the *Rooker-Feldman* doctrine. This doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court

judgments rendered before the district court proceedings commenced." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (cleaned up). Plaintiffs' claims are based on alleged fraud in the mortgage and foreclosure proceedings. But granting relief to Plaintiffs on such grounds would necessarily require the Court to hold "that the state court was wrong, [which] is difficult to conceive [of] . . . as, in substance, anything other than [a request for this Court to entertain] a prohibited appeal of the state-court judgment." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (citation omitted). Although Plaintiffs seem to suggest that a federal court can hear their constitutional claims, in substance, Plaintiffs' "federal claims are [ ] predicated on their conviction that the state courts were wrong [about the foreclosure proceedings]—the very definition of [claims] 'inextricably intertwined' " with the merits of the state court judgment. *Id.* at 938. *Rooker-Feldman* bars such an implicit appeal of the state court judgment. If Plaintiffs believe that the state court erred in entered any orders relating to the foreclosure, they must pursue that belief in the state court—not here. *Id.* at 937-38 (holding that a challenge to the validity of a warranty deed alleged to be fraudulent was barred by *Rooker-Feldman* given the deed's validity was upheld in state court proceedings).

      Finally, Plaintiffs' requests to "consolidate" the proceedings in state court with their complaint in this case and to "stay" the proceedings in state court lacks

11

merit. Plaintiffs cite no authority for their requests, and the undersigned can find none that would suggest a state court proceeding can be consolidated with a federal case. Additionally, their requests again ask this Court to interfere with state court proceedings which, as explained above, it cannot do.

IV. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Plaintiffs' motions, (ECF Nos. 10, 13, 22, 28), be DENIED.

Dated: May 2, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2024.

                                          s/Carolyn Ciesla
                                          CAROLYN CIESLA
                                          Case Manager