## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

ERIC HARVEY AND LELA MCGEE-
HARVEY,

            Plaintiffs,                 Case No. 24-10073

v.                               Honorable F. Kay Behm
                              Mag. Judge Kimberly G. Altman

CITI GROUP MORTGAGE,
RUSHMORE LOAN MANAGEMENT
SERVICES LLC,
~~AND TROTT LAW FIRM,~~

            Defendants.

---

| | |
|---|---|
| Eric Harvey and Lela McGee-Harvey | Erin R. Katz (P71604) |
| Pro Se Plaintiffs | DYKEMA GOSSETT PLLC |
| G-5262 N. Saginaw Street | *Attorneys for Defendants Rushmore* |
| Flint, MI  48505 | *and CitiGroup* |
| (810) 423-0994 | 39577 Woodward Avenue, Suite 300 |
| | Bloomfield Hills, MI 48304 |
| | (248) 203-0700 |
| | ekatz@dykema.com |

---

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant CitiGroup Mortgage Loan Trust 2021-P4 ("CitiGroup"), incorrectly named as "Citi Group Mortgage," and Defendant Rushmore Loan Services LLC ("Rushmore") (collectively "Defendants"), by their attorneys Dykema Gossett PLLC, and hereby moves this Court to for summary judgment of Plaintiffs Eric Harvey and Lela McGee-Harvey (collectively

"Plaintiffs") Amended Complaint pursuant to Fed. R. Civ. P. 56(c). In support of its Motion, Defendants rely on the accompany brief and exhibits.

In accordance with E.D. Mich. LR 7.1(a), a conference was conducted between Plaintiffs and Defendants' counsel on August 1, 2024 in which counsel for Defendants explained the nature of the motion and request, and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendants respectfully request that this Court grant their Motion, dismiss Plaintiffs' Amended Complaint with prejudice; award Defendants their costs and fees, including attorneys' fees, incurred in having to defend this frivolous action; and grant Defendants any such other relief as the Court deems necessary or appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

Dated: August 1, 2024

By: /s/ Erin R. Katz
Erin R. Katz (P71604)
*Attorneys for Defendants Rushmore and CitiGroup*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0761
ekatz@dykema.com

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ERIC HARVEY AND LELA MCGEE-
HARVEY,

               Plaintiffs,                  Case No. 24-10073

v.                               Honorable F. Kay Behm
                               Mag. Judge Kimberly G. Altman

CITI GROUP MORTGAGE,
RUSHMORE LOAN MANAGEMENT
SERVICES LLC,
~~AND TROTT LAW FIRM,~~

               Defendants.

---

Eric Harvey and Lela McGee-Harvey
Pro Se Plaintiffs
G-5262 N. Saginaw Street
Flint, MI  48505
(810) 423-0994

Erin R. Katz (P71604)
DYKEMA GOSSETT PLLC
*Attorneys for Defendants Rushmore and CitiGroup*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
ekatz@dykema.com

---

# DEFENDANTS' BRIEF IN SUPPORT OF
# MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT PLLC • 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................ iii

STATEMENT OF ISSUES PRESENTED ..................................................... v

CONTROLLING AND MOST APPROPRIATE AUTHORITY ........................... vi

I.  INTRODUCTION ........................................................................... 1

II.  STATEMENT OF FACTS ............................................................... 2

    A.  The Note, Mortgage, and Assignments. .................................... 2

    B.  The Foreclosure by Advertisement. .......................................... 2

    C.  This Litigation. ................................................................... 3

III.  LAW AND ARGUMENT ............................................................... 4

    A.  Fed. R. Civ. P. 56(c). ........................................................... 4

    B.  Plaintiff Lela McGee-Harvey Is Not a Party to The Mortgage and Lacks Standing In This Litigation. .......................................... 5

    C.  The Statutory Redemption Period Has Expired and Plaintiffs Lack Standing On This Basis to Challenge the Foreclosure ...................... 6

    D.  Plaintiffs Cannot Establish a Defect in The Foreclosure Process or Resulting Prejudice .............................................................. 7

    E.  Plaintiffs' Various Federal Statutory Claims Fails as a Matter of Law. ................................................................... 10

IV.  CONCLUSION ........................................................................... 12

CERTIFICATE OF SERVICE ................................................................. 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) ...............................4, 5

*Bryan v. JP Morgan Chase Bank*,
  304 Mich. App. 708, 848 N.W.2d 482 (2014).......................................................7

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ....................................4

*Conlin v. Mortgage Elec. Registration Sys., Inc.*,
  714 F.3d 355 (6th Cir. 2013) ........................................................................vi, 6, 8

*Diem v. Sallie Mae Home Loans, Inc.*,
  307 Mich. App. 204, 859 N.W.2d 238 (2014)................................................8, 10

*Frick v. Design Developers, Inc.*,
  214 Mich. App. 177, 542 N.W.2d 331 (1995).......................................................6

*Gover v. Speedway Super Am. LLC*,
  284 F. Supp. 2d 858 (S.D. Ohio 2003) .................................................................5

*Guardian Depositors Corp. v. Powers*,
  296 Mich. 553, 296 N.W. 675 (1941).....................................................................5

*InterRoyal Corp. v. Sponseller*,
  889 F.2d 108 (6th Cir. 1989) ................................................................................5

*Kim v. JPMorgan Chase Bank, N.A.*,
  493 Mich. 98, 825 N.W.2d 329 (2012).........................................................vi, 8, 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) ....................................4

*Piotrowski v. State Land Office Bd.*,
  302 Mich. 179, 4 N.W.2d 514 (1942)....................................................................7

*Senters v. Ottawa Savings Bank, FSB*,
  443 Mich. 45, 503 N.W.2d 639 (1993)..................................................................6

DYKEMA GOSSETT PLLC • 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304

*U.S. v. Garno*,
   974 F. Supp. 628 (E.D. Mich. 1997) ....................................................................9

*Ulrich v. Fed. Land Bank*,
   192 Mich. App. 194, 480 N.W.2d 910 (1991)......................................................5

**Statutes**

12 U.S.C. § 2605 ............................................................................................3, 10, 11

12 U.S.C. § 3751 ..................................................................................................3, 12

M.C.L. § 600.3201 ...............................................................................................1, 12

M.C.L. § 600.3236 ...................................................................................................7

M.C.L. § 600.3240 ................................................................................................2, 7

Pub. L. 111-203, 124 Stat. 1376 ........................................................................3, 10

**Other Authorities**

12 C.F.R. § 1024.33 ...........................................................................................11, 12

12 C.F.R. § 1024.41 ..................................................................................................3

Fed. R. Civ. P. 56(c).......................................................................................vi, 3, 4, 5

# <u>STATEMENT OF ISSUES PRESENTED</u>

I.    Whether Plaintiffs' Motion should be denied where Plaintiff Lela McGee-Harvey lacks standing to challenge the foreclosure, the statutory redemption period has expired, and Plaintiffs cannot establish a defect in the foreclosure ore resulting prejudice?

   Defendants Answer:              Yes

   Plaintiffs would Answer:        No

   This Court Should Answer:       Yes

II.   Whether Plaintiffs' Amended Complaint should be dismissed where Plaintiffs cannot establish the purported statutory violations?

   Defendants answer:             Yes

   Plaintiffs would answer:        No

   This Court should answer:       Yes

## <u>CONTROLLING AND MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 56(c); *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355 (6th Cir. 2013); *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012).

DYKEMA GOSSETT PLLC • 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304

## I. <u>INTRODUCTION</u>

This litigation arises out of the foreclosure by advertisement of the property commonly known as 1309 Riverdale Street, Flint, Michigan 48503 (the "Property"). Plaintiffs Eric Harvey and Lela McGee-Harvey's (collectively "Plaintiffs") alleged that Defendant CitiGroup Mortgage Loan Trust 2021-P4 ("CitiGroup"), incorrectly named as "Citi Group Mortgage," and Defendant Rushmore Loan Services LLC ("Rushmore") (collectively "Defendants") purportedly violated various federal statutes as well as Michigan's Foreclosure by Advertisement Statute, M.C.L. § 600.3201, *et seq.* [Dkt. 32.]

However, Plaintiffs' claims fail for at least the following reasons:

- ***First,*** Plaintiff Lela McGee-Harvey is not a party to the mortgage and lacks standing to challenge it in this litigation;

- ***Second,*** the statutory redemption period has expired, and Plaintiffs lack standing to challenge the foreclosure sale;

- ***Third,*** Plaintiffs cannot establish a defect in the foreclosure process or resulting prejudice required to invalidate the foreclosure sale; and

- ***Fourth,*** Plaintiffs' claims regarding the purported statutory violations fail as a matter of law.

As such, summary judgment is appropriate and Plaintiffs' Amended Complaint must be dismissed.

## II.   STATEMENT OF FACTS

### A.   The Note, Mortgage, and Assignments.

On April 16, 2003, Plaintiff Eric Harvey executed a Note in the stated amount of $110,000.00 in favor of GMAC Bank. *See* Note, attached as **Exhibit A.** The Note was secured by a Mortgage on the Property in favor of Mortgage Electronic Registrations Systema, Inc. ("MERS"). *See* Mortgage, attached as **Exhibit B.** The Mortgage was assigned through a series of recorded assignments to CitiGroup. *See* Assignments, attached as **Exhibit C.**

### B.   The Foreclosure by Advertisement.

Plaintiff Eric Harvey failed to make each and every payment as they came due pursuant to the terms of the Note and Mortgage. ***Indeed, Plaintiffs admit that they defaulted and "chose not to pay their mortgage."*** [Dkt. 32, ¶22.] On May 12, May 19, May 26, and June 2, 2023, CitiGroup published notice of the foreclosure by advertisement. *See* Sheriff's Deed at Affidavit of Publication, attached as **Exhibit D.** On May 23, 2023, CitiGroup posted notice of the foreclosure by advertisement on the front door of the Property. Exhibit D, at Affidavit of Posting.

On July 12, 2023, the Property was sold at Sheriff's Sale to non-party Pierson Reorg, LLC for the amount of $75,224.51. Exhibit D. The statutory redemption period expired on January 12, 2024 with no redemption being made. Exhibit D at Affidavit Pursuant to M.C.L. § 600.3240(2). At that time, title to the Property vested in Pierson Reorg, LLC. Exhibit D.

2

### C.    This Litigation.

On or about January 10, 2024, Plaintiffs filed the instant litigation. [Dkt. 1.] While it is difficult to discern Plaintiffs' claims, it appears that they have challenged the validity of the foreclosure sale. [Dkt. 1.]

On or about April 23, 2024, Plaintiffs filed an Amendment to Original Complaint (the "Amended Complaint"). [Dkt. 32.] Again, it is difficult to discern Plaintiffs' claims. [Id.] However, it appears that Plaintiffs not only challenge the foreclosure by advertisement but also allege violations of (1) Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. 111-203, 124 Stat. 1376 (the "Dodd-Frank Act"); (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.* ("RESPA"); (3) Regulation X, 12 C.F.R. §1024.41, *et seq.* ("Reg. X"); and (4) Federal Single Family Foreclosure Statute, 12 U.S.C. § 3751, *et seq.* [Id.] Defendants timely filed an Answer to the Amended Complaint on May 7, 2024. [Dkt. 35.]

Plaintiffs have filed a Motion for Summary Judgment [Dkt. 42] and an Amended Motion for Summary Judgment [Dkt. 45] pursuant to Fed. R. Civ P. 56(c). Any purported difference between the two motions is indiscernible. [Compare Dkt. 42 with Dkt. 45.] As such, Defendants timely filed a joint Response to the Motion for Summary Judgment and Amended Motion for Summary Judgment. [Dkt. 48.]

Defendants now seek summary judgment as there is no issue of material fact with regard to the validity of the foreclosure and no possible factual development could allow Plaintiffs to establish their purported statutory claims.

## III.   LAW AND ARGUMENT

### A.   Fed. R. Civ. P. 56(c).

Summary judgment is proper where there exists no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The mere existence of a scintilla of evidence in

DYKEMA GOSSETT PLLC • 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304

support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Gover v. Speedway Super Am. LLC,* 284 F. Supp. 2d 858, 862 (S.D. Ohio 2003) (*citing InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id. See also* Fed. R. Civ. P. 56(c)(3).

### B.   Plaintiff Lela McGee-Harvey Is Not a Party to The Mortgage and Lacks Standing In This Litigation.

Plaintiff Lela McGee-Harvey is not a proper party to this litigation as she is not a party to the Note or Mortgage. A creditor holding a real estate mortgage as security for the debt is entitled to pursue foreclosure in the event of a default. *See e.g., Guardian Depositors Corp. v. Powers,* 296 Mich. 553, 560; 296 N.W. 675 (1941). It is fundamental within contract law that "the entirety of the parties' obligations are found in the written contract between them." *Ulrich v. Fed. Land*

*Bank,* 192 Mich. App. 194, 198, 480 N.W.2d 910 (1991). Because Plaintiff Lela McGee-Harvey is not a party to the Note or Mortgage, she lacks standing to raise issues arising from these contracts, including purported challenged to the foreclosure. *See, e.g., Frick v. Design Developers, Inc.,* 214 Mich. App. 177, 180; 542 N.W.2d 331 (1995) ("plaintiffs cite no authority to support their contention that even though they were not parties to the construction loan agreement, North Bank owed them certain duties, including a duty to execute the agreement in a manner that would preserve plaintiffs' investment, where the agreement does not reference plaintiffs").

Therefore, Plaintiff Lela McGee-Harvey lacks standing raise any claims associated with the Note or Mortgage, including challenges to the foreclosure, her claims fail as a matter of law and her claims must be dismissed.

### C. The Statutory Redemption Period Has Expired and Plaintiffs Lack Standing On This Basis to Challenge the Foreclosure.

Plaintiffs' challenges to the foreclosure should be dismissed because Plaintiffs lost all of their right, title and interest in the Property upon expiration of the statutory redemption period, which divested them of standing under Michigan law to challenge the foreclosure.

In Michigan, foreclosures by advertisement are governed by statute. *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); *Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 50-53; 503 N.W.2d 639

6

(1993). After a sheriff's sale, a mortgagor is entitled to a period of time in which to redeem the property. M.C.L. § 600.3240. At the expiration of the statutory redemption period, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187; 4 N.W.2d 514 (1942) ("Plaintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption . . .").

In *Bryan v. JP Morgan Chase Bank*, 304 Mich. App. 708, 848 N.W.2d 482 (2014) the Michigan Court of Appeals affirmed the lower court's dismissal of plaintiff's complaint, holding that "by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim." *Id*. at 715.

Here, the Property was sold at Sheriff's Sale on July 12, 2023. Exhibit D. The statutory redemption period expired on January 12, 2024. *Id*. Plaintiffs did not exercise the statutory right to redeem prior to the expiration of the redemption period. Therefore, Plaintiffs lack standing to challenge the foreclosure and their Amended Complaint should be dismissed in full on this basis alone.

### D. <u>Plaintiffs Cannot Establish a Defect in The Foreclosure Process or Resulting Prejudice.</u>

Plaintiffs allege there was "fraud" due to purported debt cancellation which occurred prior to the foreclosure sale. [Dkt. 32, ¶¶ 26-28.] However, Plaintiffs fail

to allege any facts sufficient to establish a defect ***in the foreclosures process itself.*** As such, their claims regarding the foreclosure sale must be dismissed.

Any "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio.*" *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115; 825 N.W.2d 329 (2012). To set aside a foreclosure sale, plaintiffs must demonstrate (i) fraud and irregularity in the foreclosure procedure itself (*Id.* at 115-16); (2) resulting prejudice from the alleged violation of foreclosure procedure (*Id.*); and (3) a causal link between the alleged fraud/irregularity resulting in prejudice. *Diem v. Sallie Mae Home Loans, Inc.,* 307 Mich. App. 204, 212; 859 N.W.2d 238 (2014).

The Sixth Circuit applied *Kim* in *Conlin*. There, the Sixth Circuit held that defaulted borrowers cannot state a claim to challenge a foreclosure after expiration of the redemption period unless they assert facts that would "make a clear showing of fraud or irregularity to maintain this action." And even if borrowers are able to allege a "clear showing of fraud or irregularity," they must also allege that they were prejudiced as a result of the defect, and that they "would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Conlin*, 714 F.3d at 361 (quoting *Kim*, 825 N.W.2d at 337).

Here, Plaintiffs have failed to allege a defect in the foreclosure process itself. [Dkt. 32.] Rather, Plaintiffs take issue with cancellation of debt which occurred on

8

August 25, 2023 [Dkt. 42, PgID 481 (1099-C Form)] – after the foreclosure sale was completed on July 12, 2023. Exhibit D. In addition to it occurring after the foreclosure sale, this is simply not the type of fraud or irregularity anticipated in *Kim* or Conlin. Plaintiffs' claims could be dismissed for this reason alone.

Even where a defect is shown, Plaintiffs also must establish prejudice as a result of the defect before the foreclosure can be set aside. *Kim,* 493 Mich. at 115-116. A plaintiff, the party seeking to challenge the foreclosure sale, bears the burden of proof. *U.S. v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997).

Even if Plaintiffs had identified any defect in the foreclosure proceedings, which they did not, these challenges to the sale must be dismissed due to their failure to demonstrate prejudice. Here, no prejudice is alleged nor could it be established. [Dkt. 32.] While it appears that Plaintiffs have been evicted from the Property, this is not the type of prejudice contemplated by the *Kim* court. Plaintiffs have not, because they cannot, allege that they would have been in a better position to retain their interest in the Property absent any alleged error. Rather, this is exactly the liability and remedy agreed to by Plaintiff Eric Harvey when entering into the mortgage loan transaction – if he does not make the monthly payments, then foreclosure will occur.

Moreover, Plaintiffs do "not allege[] a causal connection between the alleged fraud or irregularity in the foreclosure procedure and any ability he might have had to preserve his property interest." *Diem,* 307 Mich App at 212.

Thus, Plaintiffs' claims to set aside the foreclosure by advertisement fail, and summary judgment in favor of Defendants is appropriate.

### E. <u>Plaintiffs' Various Federal Statutory Claims Fails as a Matter of Law.</u>

Finally, Plaintiffs' Amended Complaint states in a conclusory fashion that Defendants violated the Dodd-Frank Act, RESPA, and Regulation X. [Dkt. 32, PgID 247-248.] Plaintiffs have not alleged specifically what conduct purportedly violated which provisions of each statute.

### <u>Dodd-Frank Act:</u>

Plaintiffs allege that "Defendants violated regulations imposed by Dodd-Frank Wall Street Reform and Protection Act 12 US Code 5301." [Dkt. 32, PgID 247.] Section 5301 provides for the definitions under the Dodd-Frank Act. Plaintiffs' Amended Complaint otherwise does not provide a specific provision or allegation regarding this Act. As such, the Amended Complaint fails to state a claim under the Dodd-Frank Act.

### <u>RESPA:</u>

Plaintiffs' RESPA claims appear to allege a violation of Section 2605(e) stemming from a February 2023 call to CitiGroup. [Dkt. 32, PgID 240 at ¶¶ 19-

20.] Section 2605(e) addresses a servicer's duties with regard to a qualified written request ("QWR"). A QWR is defined as:

> [A] **written correspondence,** other than notice on a payment coupon or other payment medium supplied by the servicer, that –
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B) (emphasis added). Damages are limited to $2,000.00 for a violation of this provision of RESPA. 12 U.S.C. § 2605(f)(1)(B).

Here, Plaintiffs have not, because they cannot, allege that they submitted a written correspondence that qualifies as a QWR. [Dkt. 32.] Indeed, Plaintiffs' purported RESPA claims are based on a phone call to CitiGroup.[1] [Dkt. 32, PgID 240 at ¶ 19.] This is not sufficient to trigger the responsive requirements of RESPA. Thus, Plaintiffs have failed to state a claim for which relief may be granted under RESPA.

**Regulation X:**

Plaintiffs allege the "Defendants violated regulations imposed by [12]C.F.R. 1024.33." [Dkt. 32, PgID 249 at ¶ 47.] Section 1024.33 of Regulation X addresses

---

[1] CitiGroup is not a mortgage services as defined by 12 U.S.C. §2605(i)(2). Thus, Plaintiffs' claims would fail for this additional reason.

DYKEMA GOSSETT PLLC • 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304

a servicer's requirements during a service transfer. 12 C.F.R. §1024.33 (entitled "mortgage servicing transfers"). Plaintiffs do not clearly allege what conduct purportedly violated this statute. Indeed, the Amended Complaint is devoid of factual allegations regarding servicing transfers. As such, Plaintiffs have failed to state a claim pursuant to Regulation X.

### Federal Single Family Foreclosure Statute:

Finally, Plaintiffs' claim under the Federal Single Family Foreclosure statute fails as a matter of law. Pursuant to this statute, the Secretary of Treasury may foreclose a federally-backed mortgage by advertisement and with no right of redemption to the borrowers. 12 U.S.C. § 3751, *et seq.* This statute was not utilized to foreclose. Rather, Defendants foreclosed pursuant to the Michigan Foreclosure by Advertisement statute, M.C.L. § 600.3201, *et seq.* and fully complied with said statute. Exhibit D.

Simply put, Plaintiffs' Amended Complaint contains no viable statutory claims, and no amount of factual development would change this. As such, summary judgment is appropriate in favor of Defendants. And this Court must dismiss Plaintiffs' Amended Complaint.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their Motion, dismiss Plaintiffs' Amended Complaint with prejudice; award Defendants

their costs and fees, including attorneys' fees, incurred in having to defend this

frivolous action; and grant Defendants any such other relief as the Court deems

necessary or appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Erin R. Katz

Dated: August 1. 2024

Erin R. Katz (P71604)
*Attorneys for Defendants Rushmore and CitiGroup*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0761
ekatz@dykema.com

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2024, my assistant electronically filed the foregoing document using the Court's ECF system, which will send notice of said filing to all parties of record.   A copy was sent by First-Class mail, postage prepaid, to Plaintiff as follows:

> Eric Harvey and Lela McGee-Harvey
> G-5262 N. Saginaw Street
> Flint, MI  48505

> /s/ *Erin R. Katz*
> Erin R. Katz