UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC HARVEY and
LELA McGEE-HARVEY,

      Plaintiffs,                          Case No. 4:24-cv-10073
                                          District Judge F. Kay Behm
v.                                     Magistrate Judge Kimberly G. Altman

CITI GROUP MORTGAGE and
RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

      Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u><br><u>ON PENDING MOTIONS (ECF Nos. 42, 43, 44, 45, 51, 53, 54)</u>[1]

### I.     Introduction

    This is a case challenging mortgage foreclosure proceedings. Plaintiffs Eric Harvey and Lela McGee-Harvey, proceeding *pro se*, filed a complaint naming Citi Group Mortgage (CitiGroup)[2] and Rushmore Loan Management Services, LLC

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Defendants say that Plaintiffs have improperly named CitiGroup as a defendant and that the correct defendant is CitiGroup Mortgage Loan Trust 2021-P4. However, Defendants have not moved to correct the name and have appeared through counsel.

(Rushmore) as defendants (collectively, Defendants, where appropriate).[3] As best as can be gleaned from the complaint and other filings in this case,[4] Plaintiffs had a mortgage on real property located in the City of Flint.  They allege that there were various defects and fraud in the foreclosure proceedings on that property, as well as constitutional violations.  It also appears that the foreclosure proceedings were still pending in state court at the time of the complaint.  Plaintiffs seek various forms of injunctive relief, including an order stopping the sheriff's sale.  *See* ECF No. 32, Amended Complaint.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 27).

The following motions and briefs are now before the Court:

| Title of Filing | Date Filed | ECF No. |
|---|---|---|
| Plaintiffs' Motion for Summary Judgment | 6/26/2024 | 42 |
| Defendants' Response | 7/17/2024 | 48 |
| | | |
| Plaintiffs' Motion to Invalidate Opposing Attorney Motions and Pleadings Under Rule 60 | 6/26/2024 | 43 |
| Defendants' Response | 7/10/2024 | 46 |
| | | |
| Plaintiffs' Motion to Amend Plaintiffs' Motion for Summary Judgment | 6/27/2024 | 44 |
| Plaintiffs' Amended Motion for Summary Judgment | 6/27/2024 | 45 |
| Defendants' Response to Plaintiffs' Motion to Amend | 7/24/2024 | 49 |
| Plaintiffs' Reply | 7/29/2024 | 50 |

[3] Plaintiffs also named the Trott Law Firm as a defendant but later stipulated to dismiss them.  (ECF No. 8).

[4] Plaintiffs' papers are difficult to discern and in places virtually unintelligible.

| | | |
|---|---|---|
| Plaintiffs' Motion to Deny Defendants' Response | 8/9/2024 | 53 |
| Defendants' Response | 9/3/2024 | 55 |
| | | |
| Defendants' Motion for Summary Judgment | 8/1/2024 | 51 |
| Plaintiffs' Motion to Deny Defendants' Motion | 8/29/2024 | 54 |
| Defendants' Response | 9/12/2024 | 56 |

For the reasons that follow, the undersigned RECOMMENDS that

Plaintiffs' motions to deny Defendants' filings and for sanctions (ECF Nos. 43, 53,

54) be DENIED; that Plaintiffs' original motion for summary judgment and motion

to amend that motion (ECF Nos. 42, 44) be DENIED AS MOOT; that Plaintiffs'

amended motion for summary judgment (ECF No. 45) be DENIED; and that

Defendants' motion for summary judgment (ECF No. 51) be GRANTED.  If this

recommendation is adopted, the case would be closed.

## II.    Background

This case arises out of the foreclosure by advertisement of the property at

1309 Riverdale Road, Flint, Michigan 48503 (the Property).  On April 16, 2003,

Eric Harvey executed a note in the stated amount of $110,000.00 in favor of

GMAC Bank (the Note).  (ECF No. 51-2).  The Note was secured by a mortgage

on the Property in favor of Mortgage Electronic Registrations Systems, Inc (the

Mortgage).  (ECF No. 51-3).  Lela McGee-Harvey did not sign the Note or the

Mortgage.  The Mortgage was assigned to CitiGroup Mortgage Loan Trust 2021-

P4 on October 13, 2021, through a series of recorded assignments.  (ECF No. 51-

4).

According to the amended complaint, in February 2023 Plaintiffs were informed by their credit report that their mortgage loan had been reduced by $37,986.83.  (ECF No. 32, PageID.240).  Plaintiffs attempted to contact CitiGroup[5] and eventually an agent informed them that the debt cancellation had in fact occurred.  (*Id*., PageID.240-241).  The agent told them that a notice confirming the cancellation would be sent in the mail within ten days.  (*Id.*).

Ten days passed and Plaintiffs did not receive a notice, so they reached back out to CitiGroup.  (*Id.*, PageID.241).  This time, they were told there was a mistake and the debt cancellation had not occurred.  They were instructed to speak to Rushmore.  Plaintiffs then sent several requests via certified mail for a copy of the debt cancellation and information about "who actually owned their loan."  (*Id.*).  Plaintiffs received correspondence from Rushmore informing them who currently owned the Mortgage, but they did not receive a copy of the acknowledgement of the debt cancellation.  (*Id.*).  "After several months of not getting the information that was requested from the defendants, the [P]laintiffs chose not to pay their mortgage."  (*Id.*).

---

[5] Plaintiffs refer to this entity by several different names throughout the amended complaint, such as Citi Mortgage Inc., Citibank Mortgage Inc., and Citi Bank, without differentiation.  For simplicity, this Report will refer to the entity as CitiGroup.

Plaintiffs allege that in April 2023, Defendants foreclosed on the Property for the full amount owed of $75,000.  (*Id.*, PageID.242).  Defendants held a sheriff's sale on July 12, 2023, and an investor purchased the Property for that amount.  (*Id.*).  Plaintiffs then had until January 12, 2024, to redeem the Property for the amount of its purchase price.  (*Id.*).  They say that on January 5, 2024, they received their debt cancellation notice, and therefore should have been able to redeem the Property for its purchase price less the amount canceled.  (*Id.*, PageID.242-243).  However, despite evidence of the debt cancellation, the Genesee County Treasurer would not allow the redemption unless Plaintiffs paid the entire $75,000.  (*Id.*, PageID.244).  According to the Treasurer, no reduction could be applied unless Defendants directly informed the County Treasury of the reduction.  (*Id.*).  On February 7, 2024, Plaintiffs say they were evicted from their home.  (*Id.*, PageID.245).

The Sheriff's Deed attached to Defendants' Motion for Summary Judgment verifies some of the facts above.  On May 12, May 19, May 26, and June 2, 2023, CitiGroup published notice of the foreclosure by advertisement. (ECF No. 51-5). On May 23, 2023, CitiGroup posted notice of the foreclosure by advertisement on the front door of the Property.  (*Id.*).  On July 12, 2023, the Property was sold at a Sheriff's sale to non-party Pierson Reorg, LLC for $75,224.51.  (*Id.*).  The statutory redemption period expired on January 12, 2024, with no redemption

being made. (*Id.*). At that time, title to the Property vested in Pierson Reorg, LLC. (*Id.*).

### III. Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Plaintiffs are *pro se* does not reduce their obligations under

Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient

treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338,

344 (6th Cir. 2006).  Additionally, "once a case has progressed to the summary

judgment stage, as is true here, the liberal pleading standards under the Federal

Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir.

2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407

F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV.    Discussion

### A.    Defendants' Motion for Summary Judgment

Defendants raise four arguments for judgment in their favor.  First, they

argue that Lela McGee-Harvey is not a party to the Mortgage and therefore lacks

standing to proceed against Defendants.  Second, they say that Plaintiffs cannot

challenge the foreclosure because as the parties acknowledge, the statutory

redemption period has expired.  Third, they argue that Plaintiffs cannot establish a

defect in the foreclosure process or show that any prejudice occurred based on the

process.  And fourth, they contend that Plaintiffs' statutory claims fail as a matter

of law.  (ECF No. 51).  Each argument is addressed in turn below.

#### 1.    Lela McGee-Harvey's Standing

Defendants argue that "[i]t is fundamental within contract law that 'the

7

entirety of the parties' obligations are found in the written contract between them.'
"  (ECF No. 51, PageID.733-734) (quoting *Ulrich v. Fed. Land Bank*, 192 Mich.
App. 194, 198 (1991)).  Thus, Defendants say that because Lela McGee-Harvey
was not a party to either the Note or Mortgage on the Property, she lacks standing
to raise issues based on these agreements, including to challenge foreclosure of the
Property.  *See, e.g., Frick v. Design Developers, Inc.*, 214 Mich. App. 177, 180
(1995) ("plaintiffs cite no authority to support their contention that even though
they were not parties to the construction loan agreement, North Bank owed them
certain duties, including a duty to execute the agreement in a manner that would
preserve plaintiffs' investment, where the agreement does not reference
plaintiffs"); *see also Austin v. Countrywide Home Loans, Inc.*, No. 07-CV-15127,
2008 WL 3833269, at *4 (E.D. Mich. Aug. 13, 2008) ("Plaintiff Bradley Austin is
not a borrower under the Note, did not sign the Note and has no interest in the
Note.  Therefore, plaintiff has no standing to sue under the Note.").

        In response,[6] Plaintiffs argue that Lela McGee-Harvey is an owner of the
Property based on a December 1, 2014 quit claim deed.  (ECF No. 54,
PageID.832).  Although this may be true, her ownership interest in the Property
does not give her rights under the Note or Mortgage which it is undisputed that she

---

[6] Plaintiffs' "motion to deny defendants' motion to dismiss" is also taken as a
response to Defendants' motion.

did not sign.

In support of their argument, Plaintiffs cite M.C.L. § 600.3212, which states in relevant part:

> (1) A notice of foreclosure by advertisement must include all of the following:
>
>> (a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.

M.C.L. § 600.3212.  This statute says what is required in a notice of foreclosure, not who notice must be given to.  It requires the notice to include the names of the parties to the mortgage, but it does not require that notice be given to the property owners.  Thus, this statute does not confer standing.

Plaintiffs also cite 12 U.S.C. § 3758, which states in relevant part:

> (2) Notice by mail
>
>> (A) In general
>>
>> The notice of foreclosure sale shall be sent by certified or registered mail, postage prepaid and return receipt requested, to the following:
>>
>>> (i) Current owner
>>>
>>> The current security property owner of record, as the record existed 45 days before the date originally set for the foreclosure sale (whether or not the notice describes a sale adjourned).

12 U.S.C. § 3758.  This statute also does not help Plaintiffs, as it " 'only applies to foreclosure proceedings brought by or on behalf of the Secretary of Housing and

Urban Development ('HUD').' "  *See, e.g.*, *Green v. Mulchek*, No. 1:24-CV-00004-MTS, 2024 WL 2023642, at *1 (E.D. Mo. May 7, 2024) (quoting *Turman v. Wells Fargo Bank, N.A.*, No. 16-6546, 2018 WL 1840199, at *2 (6th Cir. Mar. 21, 2018) (unpublished per curiam)); *see also* 12 U.S.C. §§ 3751, 3753.  HUD was not involved in the foreclosure in this case.  Thus, this statute does not apply.

Lela McGee-Harvey further says that she has standing based on her request for an emergency hearing, involvement in the eviction action, and allegations of fraudulent misrepresentation against Defendants.  These actions, however, do not satisfy the requirement of an "injury in fact" for standing to sue Defendants.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Defendants are therefore entitled to judgment as to all claims brought by Lela McGee-Harvey because she lacks standing to challenge the foreclosure proceedings.

## 2.    Expiration of the Statutory Redemption Period

In Michigan, foreclosures by advertisement are governed by statute.  *See, e.g.*, *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013); *Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 50-53 (1993).  After a sheriff's sale, a mortgagor is entitled to a period of time in which to redeem the property.  M.C.L. § 600.3240.  At the expiration of the statutory redemption period, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property.  M.C.L. § 600.3236; *Piotrowski v. State Land Office Bd.*,

302 Mich. 179, 187 (1942) ("Plaintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption . . .").

In support of their argument that Plaintiffs' claims have expired with the close of the redemption period, Defendants cite *Bryan v. JPMorgan Chase Bank*, in which the plaintiff sought to void a sheriff's sale based on " 'fraud or irregularity' in the foreclosure process[.]" 304 Mich. App. 708, 711-2 (quoting M.C.L. § 600.3204(3)). The Michigan Court of Appeals affirmed the lower court's decision to grant summary disposition to the defendant, holding that "by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim." *Id.* at 715. In so holding, the Court of Appeals relied on *Piotrowski*, the Michigan statutes cited above, and several unpublished cases, one of which held that filing an action before the redemption period ended was "insufficient to toll the redemption period" because "[o]nce the redemption period expired, all plaintiffs' rights in the subject property were extinguished." *Id.* (internal quotation marks omitted) (quoting *Hardwick v. HSBC Bank USA, N.A.*, No. 310191, 2013 WL 3815632, at *2 (Mich. Ct. App. July 23, 2013)); *see also Overton v. Mortg. Elec. Registration Sys.,* No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (the filing of a lawsuit is "insufficient to toll the redemption period"); *Snell v. Wells Fargo Bank*, No. 11-CV-12018, 2012 WL 1048576, at *3 (E.D. Mich. Mar. 28, 2012) (citing several Eastern District of Michigan cases

holding that expiration of the redemption period deprives plaintiffs of standing to assert claims over a property and filing suit in federal court does not toll the redemption period).

Plaintiffs' allegations, even if taken as true, do not establish an exception to this rule.  Plaintiffs essentially argue that they were issued a fraudulent notice of debt cancellation from Rushmore, which led to their unwillingness to redeem their property for the full value of the mortgage ($75,224.51 plus a per diem of $9.779) after the foreclosure sale (ECF No. 51-1, PageID.774), while potentially being liable for the amount of uncancelled debt ($37,796) as well.  (ECF No. 42, PageID.481).  However, the purported debt cancellation did not amount to the entire mortgage debt, so there is no justifiable explanation for Plaintiffs' decision to stop making mortgage payments, which ultimately led to foreclosure of the Property.

Furthermore, it is "clear that not just any type of fraud will suffice.  Rather, the misconduct must relate to the foreclosure procedure itself." *Conlin*, 714 F.3d at 360 (internal quotation marks and citations omitted).  Here, the purportedly fraudulent debt cancellation document was dated August 25, 2023.  (ECF No. 42, PageID.481).  Logically, one would assume that this related to the cancellation of mortgage debt *resulting* from the foreclosure of the Property in July 2023, not that it was a potential cause of the foreclosure.  But even if it had predated the

12

foreclosure, it does not "relate to the foreclosure procedure itself" under Michigan law.  The foreclosure was caused simply by Plaintiffs decision to stop making mortgage payments, and the redemption period lapsed after Plaintiffs chose not to redeem their property.  Plaintiffs do not plausibly allege "a causal connection between the alleged fraud or irregularity in the foreclosure procedure and any ability [they] might have had to preserve [their] property interest."  *Diem v. Sallie Mae Home Loans, Inc.*, 307 Mich. App. 204, 212 (2014); *see also Parker v. Midwest Loan Servs., Inc.*, No. 15-11708, 2016 WL 1242440, at *2 (E.D. Mich. Mar. 30, 2016) (granting defendants' motion to dismiss because "[t]here [was] no causal connection between the alleged fraud or irregularity in the foreclosure procedure and Plaintiffs' ability to have preserved their property interest.").   Thus, Plaintiffs can no longer challenge the foreclosure or sale of the Property because the redemption period has expired.

### 3.   Plaintiffs' Federal Statutory Claims

Putting standing and the expiration of the redemption period aside as barriers to Plaintiffs' claims, they also appear to allege several statutory claims.  As Defendants note, the amended complaint states in a conclusory fashion that Defendants violated the Dodd-Frank Act, the Real Estate Settlement Procedures Act (RESPA), and Regulation X.  *See* ECF No. 32, PageID.247-248.  Plaintiffs have not alleged specifically what conduct purportedly violated which provisions

of each statute.  *Id.*  Plaintiffs' amended motion for summary judgment, however, sheds some light on these claims, which all seem to center around the allegedly fraudulent debt cancellation notice from Rushmore.

12 U.S.C. § 5301, cited by Plaintiffs as the Dodd-Frank Act, is the definitions section of what is commonly known as the Consumer Financial Protection Act (CFPA).  Even assuming that Plaintiffs intended to assert a claim under the CFPA and considering Plaintiffs' additional arguments in their amended motion for summary judgment, Plaintiffs cannot succeed on this claim.  This is because "the CFPA does not provide a private right of action."  *McCurry v. Eastman Credit Union*, No. 2:23-CV-00061-DCLC-CRW, 2024 WL 3860176, at *6 (E.D. Tenn. Aug. 6, 2024); *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 871 (E.D. Mich. 2015) (analyzing the legislative history and statutory basis of the CFPA, as enacted by the Dodd-Frank Act, and concluding that no private right of action was intended).

Regarding Plaintiffs' claim under RESPA, Defendants have highlighted the only colorable claim that can be found in the amended complaint as the § 2605(e) requirement that loan servicers respond to borrower inquiries in a timely manner. Here, Plaintiffs allege that they sent "several certified mail request[s] [to CitiGroup], requesting a copy of the debt cancellation and who actually owned their loan."  (ECF No. 32, PageID.241).  They acknowledge that they did receive

14

return correspondence, although from Rushmore and not CitiGroup, stating the owner of the Mortgage but not acknowledging the purported debt cancellation. (*Id.*).

Plaintiffs have not proffered evidence that Defendants' response to their written inquiry was insufficient under RESPA, and they have not plausibly alleged or otherwise shown actual damages resulting from Defendants' response. Actual damages are required in order to have standing to pursue this RESPA claim, even though the statute also provides for statutory damages. *See Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D. Mich. 2011) (citing *Battah v. ResMAE Mortgage Corp.,* 746 F.Supp.2d 869, 876 (E.D. Mich. 2010) ("To successfully plead a RESPA claim, Plaintiff must allege actual damages, which resulted from . . . [a] failure to respond to Plaintiff's QWRs. . . .  The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim."); *Jarbo v. BAC Home Loan Servicing,* No. 10–12632, 2010 WL 5173825, at *5 (E.D. Mich. Dec. 15, 2010) ("To the extent Plaintiffs allege that Defendants failed to respond to a Qualified Written Request ("QWR") under RESPA, Plaintiffs fail to state a claim upon which relief can be granted because they allege no facts showing that damages occurred as a result of that failure.").

Regulation X refers to 12 C.F.R. § 1024, and Plaintiffs specifically allege that Defendants violated § 1024.33.  (ECF No. 32, PageID.248).  This section

pertains to mortgage servicing transfers and requires servicers to provide notice to borrowers that their mortgage may be assigned, sold, or transferred.  § 1024.33(a).  It also requires that notice be provided when mortgage loans are actually transferred.  § 1024.33(b).  Here, the record shows that the Mortgage has been assigned to different entities on various occasions, but these assignments are not part of the amended complaint and Plaintiffs allege no impropriety pertaining to notice of the assignments.  Therefore, Plaintiffs have not made out a claim under Regulation X.

Finally, Defendants address the Federal Single Family Foreclosure Statute, 12 U.S.C. § 3751 *et seq*.  To the extent that Plaintiffs have stated a claim under this statute, this statute applies to foreclosures under federal law and not to the foreclosure in question, which was made under Michigan law.  *See, e.g.*, *Green v. Mulchek*, 2024 WL 2023642, at *1; *Turman v. Wells Fargo Bank, N.A.*, 2018 WL 1840199, at *2; 12 U.S.C. §§ 3751, 3753.

### 4.    In Sum

For the reasons stated above, the undersigned recommends granting Defendants' motion for summary judgment in full and on all counts.  This would end the case.  However, for the sake of completeness, Plaintiffs' pending motions will be discussed below.

### B.    Plaintiffs' Motions

16

As noted above, Plaintiffs have moved for summary judgment (ECF No. 42).  They have also moved to amend that motion and have filed an amended motion for summary judgment (ECF Nos. 44, 45).  The undersigned recommends denying the original summary judgment motion and the motion to amend as moot, considering the amended summary judgment motion as properly before the Court, and denying the amended summary judgment motion.

In addition, Plaintiffs have moved for sanctions under Federal Rule of Civil Procedure 60 (ECF No. 43); to deny Defendants' response to their summary judgment motion (ECF No. 53); and to deny Defendants' summary judgment motion (ECF No. 54).  The undersigned recommends denying these motions for the reasons below.

1.      Plaintiffs' Motion for Summary Judgment

Plaintiff's summary judgment motion reiterates many of the same arguments considered above, with Plaintiffs arguing that they do have standing, that the foreclosure should be set aside, and that Defendants have violated a number of federal statutes.  As discussed above, the statutory claims are without merit, as the statutes cited either have not been violated or do not create a private right of action for Plaintiffs to pursue.  Also, as discussed above, Lela McGee-Harvey does not have standing to pursue any claims, and Plaintiffs cannot legally challenge foreclosure of the Property now that Michigan's statutory redemption period has

17

expired.

When a plaintiff moves for summary judgment on a claim for which he

bears the burden of proof at trial, he faces a 'significantly higher hurdle.' " *Horton*

*v. Greene*, No. 16-CV-12715, 2019 WL 1552480, at *2 (E.D. Mich. Apr. 10, 2019)

(quoting *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002)).  The summary

judgment burden here is "higher in that it must show that the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful

that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cty. Sch.*

*Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (quoting 11 James William Moore et al.,

Moore's Federal Practice § 56.13[1], at 56–138 (3d ed. 2000)).

Plaintiffs cannot succeed on their summary judgment motion because, as

explained above, Defendants should prevail on their summary judgment motion.

Furthermore, they cannot satisfy the higher burden of showing that no reasonable

jury could disbelieve their claims.

### 2.      Plaintiffs Motions for Sanctions

On June 25, 2024, Plaintiffs filed a motion to "dismiss all of the opposing

[a]ttorney's pleadings, motions, and any other filing based on Federal Rule

60(b)(3)."  (ECF No. 43).  Plaintiffs also seek sanctions pursuant to Fed. R. Civ. P.

11 and Local Rule 83.22.  (*Id.*).  In addition, Plaintiffs filed a motion to deny

Defendants' motion for summary judgment (ECF No. 54) and to deny Defendants'

18

response to their motion for summary judgment (ECF No. 53).

Rule 60(b)(3) allows a district court to grant relief "from a final judgment, order, or proceeding" in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) requires the moving party to "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008).

Here, it appears that Plaintiffs wish to invoke Rule 60 to invalidate a past proceeding that occurred in state court, namely, the foreclosure and sale of the Property. Rule 60 is not an appropriate vehicle for such a challenge, and as explained above, Plaintiffs cannot validly challenge the foreclosure of the Property that resulted from their discontinued mortgage payments and failure to redeem the property within the redemption period.

As for Rule 11 and Local Rule 83.22, Plaintiffs make broad and vague accusations that counsel for Defendants has "conceal[ed] his client's crimes of fraud" and "misrepresent[ed] and commit[ed] perjury" by stating that Plaintiffs' complaint was frivolous.[7] (ECF No. 43, PageID.507). The undersigned finds that

---

[7] Plaintiffs also cite 18 U.S.C. § 1621 in accusing defense counsel of criminal perjury, but as Defendants note, that statute is not applicable in a civil case.

these claims lack veracity and recommends that this motion be denied.  There is no evidence that a fraud has been perpetrated upon the Court.  The undersigned has considered Plaintiffs' side of the story and, even in viewing the facts and inferences in the light most favorable to Plaintiffs, opines that Defendants are entitled to summary judgment.

Relatedly, the undersigned recommends denial of Plaintiffs' motions to deny Defendants' response (ECF No. 53) and summary judgment motion (ECF No. 54). Plaintiffs raise many of the same arguments for why the Court should deny Defendants' pleadings, but nothing that they argue would justify the sanction of denying Defendants' filings on grounds other than the merits.  Further, regarding a response to Plaintiffs' summary judgment motion, there is nothing to deny.

Plaintiffs also appear to be confused about the requirements of Local Rule 7.1(a).  The rule requires that moving parties seek concurrence from the opposing party in their motions and requests.  "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District[,]" and "[f]ailure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested."  *All About Chores LLC v. Lyon*, No. 18-CV-12000, 2019 WL 2590750, at *1 (E.D. Mich. June 25, 2019) (internal citations and quotation marks omitted).  This requirement is in no way limited to discovery motions.  *See id.*; *Crooks v. Specialized Loan Servicing, LLC*, No. 23-12248, 2024 WL 4047103, at

*1 (E.D. Mich. July 31, 2024) (denying without prejudice defendant's motion for summary judgment where defendant failed to seek concurrence in good faith).

Defendants properly sought concurrence in their motion for summary judgment, and correctly noted that Plaintiffs have failed to do so in any of their motions.  Nevertheless, the undersigned has considered Plaintiffs' motions on their merits, in lieu of denying them without prejudice to be refiled after concurrence was sought.

Plaintiffs have presented no reason to deny or strike any of Defendants filings, to sanction Defendants or their counsel, or to provide Plaintiffs relief from the foreclosure of their property after they failed to make mortgage payments or redeem the property within the time allotted.  The undersigned, therefore, recommends that Plaintiffs' pending motions (ECF Nos. 42, 43, 44, 53, 54) be denied.

## V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Plaintiffs' motions to deny Defendants' filings and for sanctions (ECF Nos. 43, 53, 54) be DENIED; that Plaintiffs' original motion for summary judgment and motion to amend that motion (ECF Nos. 42, 44) be DENIED AS MOOT; that Plaintiffs' amended motion for summary judgment (ECF No. 45) be DENIED; and that Defendants' motion for summary judgment (ECF No. 51) be GRANTED.  If this

recommendation is adopted, the case would be closed.

Dated: October 18, 2024                      s/Kimberly G. Altman____
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                             United States Magistrate Judge

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

22

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 18, 2024.

<div style="margin-left:40%">

<u>s/ Kristen Castaneda</u>
KRISTEN CASTANEDA
Case Manager

</div>