UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC HARVEY, *et al.*,                                Case No. 24-10073

      Plaintiffs,                                F. Kay Behm
v.                                                          United States District Judge

CITI GROUP MORTGAGE, *et al.*,               Kimberly G. Altman
                                                            United States Magistrate Judge

      Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS (ECF No. 61),
ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 18, 2024
REPORT AND RECOMMENDATION (ECF No. 57) AND DENYING PLAINTIFFS'
MOTIONS TO INVALIDATE ORDERS AND FOR RECUSAL (ECF Nos. 59, 60)**

## I.    PROCEDURAL HISTORY

This is a case challenging mortgage foreclosure proceedings.  Plaintiffs Eric

Harvey and Lela McGee-Harvey, proceeding pro se, filed a complaint naming Citi

Group Mortgage (CitiGroup) and Rushmore Loan Management Services, LLC,

seeking to stop foreclosure proceedings.  This matter was referred to Magistrate

Judge Kimberly G. Altman for all pretrial proceedings.  (ECF No. 27).  Judge Altman

issued a thorough and well-reasoned Report and Recommendation (R&R)

regarding a number of motions:  Plaintiffs' motion for summary judgment (ECF

42); Plaintiffs' motion to invalidate the opposing parties' motions (ECF No. 43);

Plaintiffs' motion to amend the motion for summary judgment (ECF No. 44);

Plaintiffs' amended motion for summary judgment (ECF No. 45); Plaintiffs' motion to deny Defendants' response (ECF No. 53); Plaintiffs' motion to deny Defendants' motion to dismiss (ECF No. 54); and Defendants' motion for summary judgment (ECF No. 51).  Judge Altman recommends denying all of Plaintiffs' motions and granting Defendants' motion for summary judgment.  (ECF No. 57).  Plaintiffs filed a motion to object to the R&R, which the court construes as objections.  (ECF No. 61).  Defendants filed a response to the objections.  (ECF No. 62).  Additionally, after Judge Altman issued the R&R, Plaintiffs filed a motion to recuse the undersigned and a motion seeking to invalidate the court's prior orders.  (ECF Nos. 59 and 60).  All matters are fully briefed.

For the reasons set forth below, the court **OVERRULES** Plaintiffs' objections to the R&R (ECF No. 61), **ACCEPTS** and **ADOPTS** the R&R (ECF No. 57), **GRANTS** Defendants' motion for summary judgment (ECF No. 51), **DENIES** Plaintiffs' motions that are the subject of the R&R (ECF Nos. 42, 43, 44, 45, 53, 54), **DENIES** Plaintiffs' motion to recuse (ECF No. 60), and **DENIES** Plaintiffs' motion to invalidate its prior orders (ECF No. 59).

## II.   LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a

de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-

(3). This court "may accept, reject or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." *Id*. "For an objection to be

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to

'specify the part of the order, proposed findings, recommendations, or report to

which [the party] objects' and to 'state the basis for the objection.'" *Pearce v.*

*Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that

dispute the general correctness of the report and recommendation are improper.

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

　　　Moreover, objections must be clear so that the district court can "discern

those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of*

*Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and

legal" issues "at the heart of the parties' dispute"). In sum, the objections must

be clear and specific enough that the court can squarely address them on the

merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely

perfunctory responses . . . rehashing . . . the same arguments set forth in the

original petition, reviewing courts should review [a Report and Recommendation]

for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012);

*see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at

*1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections

merely restated his summary judgment arguments, "an approach that is not

appropriate or sufficient").

## III.   ANALYSIS

### A.    Plaintiffs' Objections

Plaintiffs offer 11 purported objections to the R&R.  Defendants argue that

none of the objections are proper because Plaintiffs fail to identify any particular

grounds of the R&R to which they object.  For example, in Objection No. 2,

Plaintiffs refer to their motion to recuse and argue that the undersigned should

recuse from this matter.  This is not an objection to the substance of the R&R.  By

way of another example, in Objection No. 3, Plaintiffs cite multiple rules of

evidence and claim that the undersigned excluded admissible evidence of fraud.

Again, Plaintiffs do not cite any provision of the R&R to which they object.

Plaintiffs' other objections are similarly defective.  Accordingly, the court is unable

to discern which part of the analysis in the R&R to which Plaintiffs object or the

basis for any objection.  It is not the court's job to search the record in support of

Plaintiffs' arguments.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.

1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones").

Further, all of Plaintiffs' objections are unclear, vague, and improper.  It is well-established that objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard*, 932 F.2d at 508–09 (A general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.).  Moreover, the district court need not provide de novo review where the objections are "[f]rivolous, conclusive or general."  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)).  Indeed, the parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id*. (quoting *Nettles*, 677 F.2d at 410 (footnote omitted)).  On review of Plaintiffs' objections, the court finds that they fail to properly identify any portion of the R&R that the court should consider, and they are so unclear, vague, general, and unsupported by proper references to the record that the court need not consider them any further.  *See McGhee v. Bridenstien*, 2010 WL 3608523, at *2 (W.D. Mich. Sept. 13, 2010) (Undertaking de novo review of an R & R in the absence of proper objection is not only unnecessary but also

inappropriate.); *Curry v. City of Mansfield, Ohio / Wastewater Treatment Plant*,

201 F.3d 440, 1999 WL 1206227, * 1 (6th Cir. Dec. 8, 1999) (Table) (faced with

unavailing general objections, "[t]he district court's sua sponte de novo review

duplicated the work of the Magistrate, contravening the purposes of the

Magistrate's Act .... To permit an appeal would violate this court's clearly

established waiver rule and would further frustrate the purpose of the Federal

Magistrate's Act."); *Blackwell v. Par.*, 2020 WL 1027806, at *1 (W.D. Mich. Mar. 3,

2020) ("Nonspecific and general objections, which incorporate by reference

arguments raised in previous briefs, generally will not provide the specificity

required for this court to perform a de novo review.").  Accordingly, the

objections are overruled and the R&R is accepted and adopted.

B.      Motion to Recuse (ECF No. 60)

In their objections (ECF No. 61), Plaintiffs mention that the undersigned

should recuse herself from this matter based on a purported conflict of interest.

Plaintiffs further expound on this purported conflict in a separately filed motion

to recuse.  (ECF No. 60).  Plaintiffs state they informed the undersigned on March

24, 2024, that Plaintiffs were responsible for the removal of her former "boss,"

the former Chief Judge of the Genesee County Circuit Court, Richard B. Yuille.

Specifically, Plaintiffs refer to an emergency motion filed with the court on March

6

24, 2024, requesting that the court overturn the ruling in the state court foreclosure.  (ECF No. 12).  Plaintiffs claim that their motion includes proof of Judge Yuille's resignation which Plaintiff McGee-Harvey claims to have caused. However, there are no attachments to the emergency motion or the present motion, even though it references an affidavit "Exhibit Z."  (ECF No. 60).

Plaintiffs claim the undersigned wrongfully failed to recuse despite the information provided on March 24, 2024.  (ECF No. 60).  Plaintiffs assert that the undersigned's actions are a cover for the alleged misconduct of Judge Guinn who handled the state court foreclosure action.  According to Plaintiffs, the court is biased because of her alleged former working relationships with Judges Yuille and Guinn.  Because of the court's purported conflict of interest and failure to recuse herself, Plaintiffs request that every order entered in this case by the undersigned after March 24, 2024 be vacated, and that a new Judge be appointed.  *Id*.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify [her]self in any proceeding in which his impartiality might reasonably be questioned."  The provision requires a judge to *sua sponte* recuse herself if the judge knows of facts that would undermine the appearance of impartiality.  *Weatherspoon v. J. Thibault*, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003);

*Liteky v. United States*, 510 U.S. 540, 547-48 (1994)).  Additionally, 28 U.S.C. § 144 requires that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

An affidavit filed under § 144 must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party."  *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).  Rather than a subjective determination of bias, the statute "imposes an objective standard:  a judge must disqualify [herself] where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotation marks omitted)).

Courts have observed that the roots of a judge's bias are not limited to a singular source.  "A judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings."  *Burley*, 834 F.3d at 616 (citing *Liteky*, 510 U.S. at 555).  However, the Sixth Circuit

8

has repeatedly held that it "will not ascribe bias to a district judge in the absence of evidence that [s]he has abandoned [her] role as an impartial arbiter." *Taylor Acquisitions*, *LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 753 (6th Cir. 1992)).  Moreover, "a federal judge has a duty to *sit* where *not disqualified*, which is equally as strong as the duty to *not sit* where *disqualified*." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J) (emphasis in original) (collecting cases).  Further, most commonly, judicial bias must be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id*.  As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion."  510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment.  *Id.*

Plaintiffs' support for their claim of personal bias rests primarily on the undersigned's rulings, and those by Judge Altman, that were unfavorable to them,

grounds which in and of themselves do not suggest that disqualification is appropriate under 28 U.S.C. § 455.  Further, to the extent Plaintiffs contend that the undersigned's former professional relationship with Judges Yuille and Guinn is evidence of bias, that claim is without merit.  Plaintiffs offer no evidence that there is anything but a "collegial, professional relationship" between the undersigned and her former colleagues and thus, there is no evidence of bias or a conflict of interest.  *See e.g.*, *United States v. Kwame*, 2019 U.S. Dist. LEXIS 85768, (E.D. Mich. May 22, 2019) (Even if true that a judge of the Eastern District of Michigan had given a wedding card to defense counsel, "this does not indicate that there was anything more than a collegial, professional relationship between them. Sending a wedding card is a 'common' occurrence that would not lead a reasonable observer to question a judge's impartiality.").  Plaintiffs offer no authority suggesting that the court here cannot hear cases involving former colleagues.  *See e.g., United States v. Murphy*, 768 F.2d 1518, 1537-38 (7th Cir. 1985) (courts "have held that a judge need not disqualify [her]self just because a friend—even a close friend—appears as a lawyer.").

The substantive basis for Plaintiffs' motion is without merit under either § 455 or § 144.  Again, Plaintiffs' claims of bias and the bases for the motion for recusal are grounded primarily in an unfounded and unsupported belief that the

undersigned and/or Judge Altman are biased against them based on the court's rulings, which they claim (at least as far as the undersigned) is based on the court's former professional relationship with Judges Yuille and Guinn.  Plaintiffs' motion and supporting materials have not sufficiently alleged any claim of an extra-judicial source of personal bias on the part of the undesigned or Judge Altman.  Nor have Plaintiffs set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings in this matter that is so extreme as to render the undersigned or Judge Altman unable to act impartially.  Rather, Plaintiffs have essentially only taken issue with the rulings of the court.

The Sixth Circuit has explained that "[a] party cannot establish bias simply because it is unhappy with a [ ] judge's rulings."  *Taylor Acquisitions*, *LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citing *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001)).  Thus, Plaintiffs' displeasure with the court's decisions do not provide grounds for disqualification.  Plaintiffs simply have not suggested facts which would lead a reasonable person with knowledge of all of the facts to question the undersigned's or Judge Altman's impartiality in this matter.  Indeed, as explained above, the undersigned's former professional relationship with Judges Yuille and Guinn is not suggestive of any bias or conflict

of interest.  Therefore, the court concludes that Plaintiffs' allegations are without merit and recusal is neither necessary nor appropriate.

For the foregoing reasons, Plaintiffs' motion is **DENIED**.

C.   <u>Motion to Invalidate Court Orders (ECF No. 59)</u>

Plaintiffs claim that the court's orders are invalid under Rule 60 based on fraud on the court.  Plaintiffs essentially seek to turn their disagreement with decisions of the court into a claim of "fraud on the court."  First, Plaintiffs cite Rule 60(b)(4), which provides that the court may relieve a party from a final judgment where the judgment is void.  Fed. R. Civ. P. 60(b)(4).  However, no judgment has been entered in this case and this rule has no application here.  Plaintiffs' also point to Rule 60(d)(3), which allows the court to set aside a judgment for fraud on the court.  Fed. R. Civ. P. 60(d)(3).  Again, no judgment has entered in this case and this rule has no application here.  Rule 60 cannot provide the relief sought by Plaintiffs and further, Plaintiffs provide no authority for their motion.

For these reasons, the motion is **DENIED**.

## V.   CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiffs' objections to the R&R (ECF No. 61), **ACCEPTS** and **ADOPTS** the R&R (ECF No. 57), **GRANTS**

Defendants' motion for summary judgment (ECF No. 51), **DENIES** Plaintiffs'

motions that are the subject of the R&R (ECF Nos. 42, 43, 44, 45, 53, 54), **DENIES**

Plaintiffs' motion to recuse (ECF No. 60), and **DENIES** Plaintiffs' motion to

invalidate its prior orders (ECF No. 59).  This is a final order and closes the case.

   **SO ORDERED**.

Date: November 15, 2024          s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge